GAUDIN, Judge.
On July 3, 1980, Mrs. Innocent Terre-bonne sold her undivided one-half naked ownership of a piece of real property to one of her children, Mrs. Olivette Terrebonne Nelson, for $100.00. The act stated that Mrs. Terrebonne reserved a usufruct over the property during her lifetime.
Subsequently, this act of sale was attacked by one of Mrs. Terrebonne’s sons (Maurice) and the widow of another son (Hypolite). They claim the sale was a simulation or a disguised donation.
There is a wood frame house on the property in question owned by Mrs. Nelson and subject to a mortgage.
A seven-paragraph “Stipulation of Facts” was agreed on by the parties and submitted to the trial judge, who then rendered judgment in favor of Olivette (Mrs. Nelson). The decree, handed down without assigned reasons, simply said that the sale was valid. Maurice and Hypolite’s wife appealed.
We affirm. The stipulation entered into was inadequate for the trial judge to find either a simulation or donation in disguise.
There was no testimony and no other evidence except that stated in the stipulation, which is as follows:
STIPULATION OF FACTS
“The parties through their undersigned counsel have reached an agreement on the pertinent facts herein and submit the following stipulation of facts for purposes of trial and all other issues herein in this matter which is scheduled for trial on the merits on all issues on January 18, 1989:
“1. Olivette Terrebonne Nelson, as the vendee, Mrs. Elida Caillot, as the witness, and Wayne C. Guidry, as the Notary Public in the Act Of Sale recorded at Conveyance Office Book 984, folio 870, dated July 3, 1980, (Copy attached hereto), would all testify that the One Hundred ($100.00) Dollar consideration stated in said act was paid by the vendee to the vendor. The aforesaid $100.00 was paid to Mr. Guidry for Notarial Services in connection with the act of sale.
“2. Mrs. Olivette Terrebonne Nelson is the owner of the wood frame house located on the land described in the Act of Sale referred to in stipulation paragraph 1, above and recorded at C.O.B. 984, Folio 870, and she is solely responsible for repayment of the mortgage thereon to the Small Business Administration recorded at M.O.B. 482, Folio 354, dated October 17, 1966.
"3. For all pertinent purposes herein the land in question is valued as follows: All land south of the old protection levee is valued at One ($1.00) Dollar per square foot for complete ownership; all land north of the old protection levee is valued at Thirty ($.30) Cents per square foot for complete ownership. The value of the land in question is insufficient to create any inheritance tax to any of the heirs. No inheritance is due by any of the heirs.
“4. There was not any discussion by the Notary, Mrs. Innocent Terrebonne, nor Mrs. Olivette Terrebonne Nelson concerning such issues or matters as simulated sale, donation in disguise, nor transfer for inadequate consideration before, during nor after the Act of Sale referred to in stipulation # 1 above and recorded at C.O.B. 984, Folio 870.
“5. The attorney’s fee for Wayne C. Guidry as attorney for the successions and the Administratrix is fixed at the sum of One Thousand And No/100 ($1,000.00) Dollars.
“6. The exceptions filed by the Ad-ministratrix and submitted to the Court on November 15, 1988, are hereby withdrawn and dismissed.
“7. This matter is presented to the Court on January 18, 1989, for determination of the issues raised by the Act of Sale referred to in stipulation # 1 above and recorded at C.O.B. 984, folio 870, in view of this stipulation of facts, and all other pending matters are continued.”
The property described in the act of sale (Lot C) measures 103 feet on the north and south sides and 252 feet on the east and west sides. According to the property de *121 scription and a sketch in the record marked “Joint Exhibit ‘A’,” it is not possible to determine which part of the property is south of the old protection levee mentioned in paragraph 3 of the stipulations and which part is north of the old protection levee. There is a “levee” shown adjacent to Lot C but it does not pass through the subject property and divide it into southern and northern segments.
Further, there was no stipulation concerning the value of the undivided one-half interest in Lot C. The stipulated values (in paragraph 3) were for complete ownership of the land. The fact that the property had on it a mortgaged house not belonging to Mrs. Terrebonne and the fact that the other half was owned by nine others were not taken into consideration. This joint ownership was (and is) at least suggestive of litigation.
LSA-C.C. art. 2480 sets forth the requirements of a simulation while LSA-C.C. art. 2444 describes a parent-to-child disguised donation. These articles read:
Art. 2480. Retention of possession by seller, presumption of simulation
In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale.
Art. 2444. Sale of immovables by parents to children, disguised donation
The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale. •
Appellants contend that the low $100.00 sales price and the reservation of the usu-fruct are indicative of (1) bad faith and (2) the fact that the price was less than one-fourth of property value. They cite Sabrier v. Leard, 426 So.2d 213 (La.App. 4 Cir.1982), and Camus v. Camus, 91 So.2d 120 (La.App. Orleans Circuit 1956). These cases are, however, factually distinguishable from the instant situation.
Although not exactly similar, Russell v. Culpepper, 344 So.2d 1372 (La.1977) is more in point. There, the Supreme Court of Louisiana found valid a sale from mother to son, rejecting the claim of other forced heirs that the sale was either a simulation or disguised donation. The consideration paid to the 67-year-old mother was $3,500.00 for three-fourths naked ownership of 815 acres. The mother retained a lifetime usufruct. In addition, the son promised to feed, clothe and otherwise care for his mother until she died. The son admitted that the money was not paid in the presence of the notary and witnesses but was paid privately and in cash.
In Russell, a real estate appraiser testified as to the property’s value and there was a precise determination of the conveyed naked ownership. The mother’s life expectancy of 10 years was given consideration in deciding what the reserved usu-fruct was worth. This retained value was subtracted from the expert appraiser’s per-acre assessment.
In the case before us, the stipulation of facts does not mention either Mrs. Terre-bonne’s age, her life expectancy, the value of the usufruct or the value of the undivided one-half interest in Lot C subject to the usufruct. We can ascertain from the record that Mrs. Terrebonne lived with and was cared for by Mrs. Nelson until she (Mrs. Terrebonne) died in 1983. This was in accord with an oral stipulation entered into the day of trial.
We are, as was the trial judge, bound by the four corners of the stipulations. We cannot expand the evidence or say that the trial judge erred. In addition to the lack of any vital information regarding naked ownership and usufruct values, the stipulations do not provide any persuasive suggestion of bad faith intent, any evidence showing that the property was not delivered or any showing that consideration *122 was not truly and in fact exchanged. To prevail, a party or parties making an Art. 2480 or Art. 2444 challenge must demonstrate more than is provable by the present stipulation of facts.
Finally, we note the following. There was nothing before the trial judge indicating that the sale may have divested Mrs. Terrebonne of all assets in violation of LSA-C.C. art. 1497. Also, the appealing heirs did not contend that the transfer from Mrs. Terrebonne to Mrs. Nelson, reserving a usufruct, was illegal.
Appellants are to bear costs of this appeal.
AFFIRMED.